UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JAN WELENC,                                          :

                    Plaintiff,          :

     -against-                                     :

PAL ENVIRONMENTAL CORP., and          :
LOCAL 78,

                                    :

                    Defendants.
------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/7/11
```

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
PAUL A. CROTTY**

09 Civ. 8523 (PAC) (FM)

**FRANK MAAS,** United States Magistrate Judge.

        Pro se plaintiff Jan Welenc ("Welenc") brings this action against his former employer, PAL Environmental Corp. ("PAL"), and his union, Asbestos, Lead and Hazardous Waste Laborers' Local 78 ("Local 78"). Liberally construed, Welenc's Second Amended Complaint ("SAC") alleges that PAL and Local 78 conspired to terminate his employment as an asbestos remover because he had vociferously protested certain terms in Local 78's collective bargaining agreement ("CBA") with the Environmental Contractors Association, Inc. ("ECA"), of which PAL is a member. Welenc further asserts that Local 78 thwarted his efforts to find subsequent work. He seeks relief for these alleged wrongs under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Labor Management Relations Act ("LMRA"), and the National Labor Relations Act ("NLRA").

PAL and Local 78 have moved to dismiss the SAC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), for failure to state a claim. (ECF Nos. 10, 19). For the reasons set forth below, both motions should be granted.

I. Background

    A. Relevant Facts

The SAC, which I have assumed states the facts correctly, alleges as follows:

PAL is a firm engaged in the removal of hazardous materials. (See SAC Attachs.; see also PAL Environmental Services, http://palcorp.com/pages/about.html). On or about June 25, 2007, Welenc began working for PAL removing asbestos from a building located at 270 Park Avenue in Manhattan ("270 Park"). (SAC Attach. 3).[1]

In August 2007, during a monthly meeting of Local 78's members, Welenc voiced his dissatisfaction with certain terms included in the recently-negotiated CBA between Local 78 and the ECA. (Id. at 141). In particular, Welenc took issue with a provision which provided that Local 78 members would not be paid overtime for working a ten-hour day. (Id. at 3, 8, 142). Welenc later organized a protest and sent the President of the Laborers' International Union of North America ("LIUNA") a petition signed by five hundred members of Local 78 who opposed the CBA. (Id. at 3, 134-41).

---

[1] For ease of reference, I have numbered the 151 pages comprising the attachment to the original of the SAC.

On September 17, 2007, Welenc was informed by his supervisor at 270 Park that the project would be stopped temporarily. Three days later, Welenc began working for PAL on an asbestos removal project at another location in Jamaica, Queens. On October 19, 2007, shortly after Local 78's business manager "furiously condemned" Welenc's opposition to the ten-hour workday provision during another monthly Local 78 meeting, PAL's owner, Sal DiLorenzo ("DiLorenzo"), caused Welenc's termination from his job at the Jamaica location. (Id. at 3).

On October 22, 2007, Welenc returned to work for PAL at 270 Park. (Id.). Only a few days later, however, on October 28, 2007, PAL fired Welenc again. (Id. at 3-4). According to Welenc, DiLorenzo spoke to four PAL supervisors and ordered each of them to "see to it that [Welenc] no longer work[s] at PAL." (Id.). DiLorenzo did not know Welenc personally. Welenc maintains that DiLorenzo's decision to fire him therefore must have been the result of "instigation or pressure by Local 78" arising out of his opposition to the CBA. (Id. at 4, 141).

On November 16, 2007, Local 78 placed Welenc on its "out of work list" ("OWL"). (Id. at 30). Thereafter, on February 29, 2008, Welenc learned that his name had been removed from the OWL. (Id. at 25). Local 78 claimed that its hiring hall left four messages on Welenc's answering machine informing him of potential job opportunities between January 9 and February 15, 2008, and that it removed his name from the OWL because he did not respond. (Id. at 23). Welenc denies receiving the

3

messages, however, contending that Local 78 intentionally removed his name from the OWL in retaliation for his opposition to the CBA. (Id. at 25, 30).

Welenc is a United States citizen. (Id. at 144). Nevertheless, in April 2008, Local 78's president declined to restore Welenc's name to the OWL because Welenc refused to complete an I-9 form affirming that he was eligible to work in the United States. (Id.). Local 78's president never asked other union members to complete that form, even though seventy percent of them are illegal immigrants. (Id.).

In or around August 2008, Welenc obtained a job with the "ABC firm" ("ABC") removing asbestos from a school in Astoria, Queens. (Id. at 142). Only one day later, ABC's project supervisor told Welenc that his services no longer were needed because ABC already had sufficient workers assigned to the project. (Id. at 118). Despite that representation, ABC replaced Welenc with another worker. The supervisor later confirmed that he had received instructions from ABC that Welenc "cannot be employed." (Id. at 118, 142). Based on these facts, Welenc alleges that Local 78 caused ABC to fire him. (Id. at 142).

B.   Procedural History

At some point, Welenc filed a complaint against both PAL and Local 78 with the regional office of the National Labor Relations Board ("NLRB"). (Id. at 3). That complaint arose out of Welenc's termination by PAL and Local 78's removal of his name from the OWL. (Id. at 3-5). On March 31, 2008, the NLRB dismissed Welenc's

complaint. (Id.). Welenc then appealed the dismissal by letter dated April 10, 2008. (Id.). That appeal also was dismissed. (Id. at 142).

Welenc subsequently filed a charge against PAL with the Equal Employment Opportunity Commission ("EEOC"). (Id.). On February 4, 2009, the EEOC dismissed the charge and issued Welenc a "right-to-sue" letter advising him that he had ninety days to file an action in federal or state court. (Id. at 1). Welenc then commenced this action on May 5, 2009. (See ECF No. 2).[2] Welenc's initial complaint alleged employment discrimination in violation of Title VII, breach of the duty of fair representation under the NLRA, and a "hybrid" claim under the LMRA against both Local 78 and PAL for breach of the duty of fair representation and breach of the CBA. (Id.).

On October 7, 2009, Chief Judge Preska issued a sua sponte order which dismissed Welenc's complaint against PAL and Local 78 without prejudice and directed him to file an amended complaint within sixty days. (ECF No. 3).[3] The order noted that Welenc had filed his action using the Court's form employment discrimination complaint, but that it was unclear whether he was, in fact, alleging a Title VII violation. (Id. at 2-3).

---

[2]  Welenc's original complaint is dated March 5, 2009. (See id. at 4) ("Signed this 05 day of 03, 2009"). Both the time stamp on the face of the complaint and the time stamps on the envelopes in which it was delivered to the Pro Se Office indicate, however, that the Pro Se Office first received the complaint on May 5, 2009. (See id. at 1 & Attachs.).

[3]  A copy of Judge Preska's sua sponte order is annexed to the SAC. (See SAC Attach. 147-151).

Judge Preska advised Welenc of the suspect categories that would have to be implicated for him to be entitled to relief under Title VII.  (Id.).

Turning to the LMRA, Judge Preska noted that a plaintiff generally had to exhaust any available grievance procedure before filing suit, and that any claim under that statute had to be filed within six months after Welenc learned that Local 78 breached its duty of fair representation.  (Id. at 3-5).

Finally, Judge Preska noted that Welenc's initial complaint failed to establish a viable NLRA claim, cautioning him that he would have to "allege facts indicating how his union or employer perpetrated an unfair labor practice in violation of the provisions set forth in the NLRA."  (Id. at 5).  Judge Preska further noted that NLRA claims, like LMRA claims, are subject to a "strict" six-month statute of limitations.  (Id. at 5 n.3).

On December 7, 2009, Welenc filed an amended complaint, but it does not appear that he served PAL with a copy of that pleading.  (See ECF Nos. 4, 8, 16).  Your Honor then referred this case to me, by order dated December 11, 2009, for general pretrial supervision and a report and recommendation.  (ECF No. 6).

Welenc filed the SAC on February 18, 2010.  (ECF No. 7).  Thereafter, PAL and Local 78 filed their respective Rule 12(b)(6) motions on March 23 and July 22, 2010.  (ECF Nos. 10, 19).  Welenc submitted affirmations in opposition to the motions on April 2 and September 14, 2010.  (ECF Nos. 13, 14, 22).  Finally, PAL and Local 78 served their respective replies on April 9 and September 23, 2010.  (ECF Nos. 15, 23).

II.     Standard of Review

Under Rule 12(b)(6), a court must dismiss a complaint that fails to state a claim upon which relief can be granted.  In deciding a motion under the Rule, the Court must accept as true all factual allegations made in the complaint and draw all reasonable inferences in favor of the plaintiff.  Leatherman v. Tarrant Cnty Narcotics Intell. & Coord. Unit, 507 U.S. 163, 164 (1993); Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  While a complaint need not contain detailed factual allegations, it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further "factual enhancement."  Id.  Determining whether the allegations of a complaint nudge a plaintiff's claims across the line from "conceivable to plausible" requires a court to "draw on its judicial experience and common sense."  Id. at 1950-51.  Moreover,  the Court is "not bound to accept as true" legal conclusions couched as factual allegations.  Twombly, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion, "the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken."  Associated Fin. Corp. v.

Kleckner, No. 09 Civ. 3895 (JGK), 2010 WL 3024746, at *1 (S.D.N.Y. Aug. 3, 2010) (citing Chambers v. Time Warner, Inc., 292 F.3d 147, 153 (2d Cir. 2002)).  In this case, because Welenc is proceeding pro se, the Court also may rely on his opposition papers in assessing the legal sufficiency of his claims.  See Crum v. Dodrill, 562 F. Supp. 2d 366, 373 n.13 (N.D.N.Y. 2008) (citing Gadson v. Goord, No. 96 Civ. 7544 (SS), 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997)).  Welenc's pro se status further compels the Court to "read his supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

III.   Discussion

   A.   Title VII Claim

      1.   Untimeliness of EEOC Charge

Before an aggrieved employee may pursue a Title VII claim in federal court, he first must present his complaint to the EEOC.  Pikulin v. City Univ. of New York, 176 F.3d 598, 599 (2d Cir. 1999).  The employee's charge ordinarily must be filed with the EEOC within 180 days of the allegedly discriminatory act.  42 U.S.C. § 2000e-5(e)(1).  In states such as New York that have their own anti-discrimination agency, however, the deadline is extended to 300 days.  Id.  A New York plaintiff thus generally is time barred from obtaining relief for any discriminatory act that occurred more than 300 days before his EEOC filing.  Carrasco v. New York City Off-Track Betting Corp., 858 F. Supp. 28, 31 (S.D.N.Y. 1994).

There are four possible ways to overcome the limitations period. First, a plaintiff may rely on the "continuing violation exception." See Patterson v. Cnty of Oneida, 375 F.3d 206, 220 (2d Cir. 2004). Under this exception, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993). In addition, the Second Circuit has held that the 300-day limitations period is "subject to waiver, estoppel, and equitable tolling." Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998).

In this case, the principal discriminatory act about which Welenc complains is the termination of his employment with PAL, which occurred on October 28, 2007. (SAC Attach. 141). Nevertheless, Welenc did not file his EEOC charge until January 8, 2009, approximately 440 days later. (Id. at 147-48). His Title VII claim consequently is time barred unless he falls within one of the four recognized exceptions.

Welenc does not meet the continuing violation exception because he has not alleged that his firing, or any other purportedly wrongful acts of discrimination, were part of a specific discriminatory policy, mechanism, or program, such as the use of discriminatory seniority lists. See Lambert, 10 F.3d at 53. Moreover, although Welenc claims that Local 78 continued to retaliate against him as late as August 2008, which is within the 300-day limitations period, "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a

9

continuing violation." Id. Accordingly, in the absence of any suggestion that such a policy or mechanism existed, Welenc may not avail himself of the continuing violation exception to Title VII's statute of limitations.

The doctrines of waiver, estoppel, and equitable tolling are similarly inapplicable. Both PAL and Local 78 raised the statute of limitations as a defense in their motion papers, which constitute their first responses to the SAC. Accordingly, it cannot be said that they waived their statute of limitations defense by failing to assert it in a timely manner. See Bastian v. New York City Dep't of Educ., 04 Civ. 7450 (PAC), 2008 WL 2930529, at *5 (S.D.N.Y. July 29, 2008). There also is no basis to find the defendants equitably estopped since Welenc has not alleged any facts suggesting that PAL or Local 78 "misrepresented the length of the limitations period or in some way lulled [him] into believing that it was not necessary for him to commence litigation." Cerbone v. Int'l Ladies' Garment Workers' Union, 768 F.2d 45, 50 (2d Cir. 1985). Finally, Welenc has not made any showing that "exceptional circumstances" prevented him from timely filing his EEOC charge and therefore is not entitled to equitable tolling. Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir.1985).

In sum, because Welenc failed to file his EEOC charge within 300 days of being fired, and no exception to the statute of limitations applies, his Title VII claim is time barred.

      2.      <u>Prima Facie Case</u>

Even if Welenc's EEOC charge were timely, he has failed to state a claim for relief under Title VII.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's <u>race</u>, <u>color</u>, <u>religion</u>, <u>sex</u>, or <u>national origin</u>." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Any claim alleging a violation of that statute – whether it charges discrimination, retaliation, or a hostile work environment – therefore "requires a showing that the employer's allegedly wrongful conduct derived from [such] a specifically prohibited factor." <u>Clemente v. N.Y. State Div. of Parole</u>, 684 F. Supp. 2d 366, 373 (S.D.N.Y. 2010); <u>see</u> <u>Gourdine v. Cabrini Med. Ctr.</u>, 307 F. Supp. 2d 587, 598 (S.D.N.Y. 2004), <u>aff'd in relevant part</u>, 128 F. App'x 790 (2d Cir. 2005) ("[I]n order for an employee's complaints to be a 'protected activity,' they must relate to alleged violation of Title VII, <u>i.e.</u>, the complaints must relate to race or gender.").

Welenc has not made the requisite showing here. He claims that PAL and Local 78 took certain adverse actions against him because of his opposition to the ten-hour workday provision in the CBA, not because he challenged any employment practice on the basis of race, color, religion, sex, gender, or national origin. Indeed, the closest Welenc comes to alleging discrimination based on a prohibited factor is his contention that Local 78's president punished him for refusing to fill out an I-9 form that other union

11

members who were non-citizens did not have to complete.  (SAC Attach. 144).  Although Title VII "prohibits discrimination on the basis of citizenship whenever it has the purpose or effect of discriminating on the basis of national origin," Espinoza v. Farah Mfg. Co., 414 U.S. 86, 92 (1973), Welenc clearly does not contend that the president's actions had anything to do with his national origin, rather than his strident opposition to the CBA.  Accordingly, he has not shown any plausible basis for a finder of fact to conclude that either his termination or the refusual to restore him to the OWL was based on a factor prohibited by Title VII.

Consequently, even if it were timely, Welenc's Title VII claim must be dismissed for failure to state a legally sufficient claim.

    B.    Breach of the Duty of Fair Representation

Liberally construed, the SAC also alleges that Local 78 breached its duty of fair representation under both the NLRA and the LMRA.  (SAC Attach. 142).  That duty requires a labor organization, as the exclusive representative of the employees in a bargaining unit, "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."  Marquez v. Screen Actors Guild, 525 U.S. 33, 44 (1998) (quotation marks omitted).

Section 302 of the LMRA authorizes anyone injured by reason of an unfair labor practice to commence a suit for damages against a labor union in federal court.  See 29 U.S.C. § 187; Vaca v. Sipes, 386 U.S. 171, 181 (1967).  In addition, a union member

may bring a "hybrid" claim against his union <u>and</u> his employer under the LMRA when the union has breached its duty of fair representation and the employer has breached its collective bargaining agreement.  <u>Del Costello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164 (1983).  Both the NLRA and the LMRA require, however, that a plaintiff commence suit within six months from the time he "knew or should have known of the breach of the duty of fair representation."  <u>White v. White Rose Food</u>, 128 F.3d 110, 114 (2d Cir. 1997); <u>Del Costello</u>, 462 U.S. at 171 (applying the NLRA's six-month statute of limitations to hybrid claims brought under the LMRA).

Here, Welenc obviously knew of the alleged breach of the duty of fair representation arising out of his termination by PAL when he filed his NLRB charge – a step that he obviously must have taken before the NLRB dismissed that charge on March 31, 2008.  <u>See</u> <u>Kavowras v. New York Times Co.</u>, 328 F.3d 50, 55 (2d Cir. 2003) ("bringing of [an] NLRB charge establishes that [a plaintiff] had actual knowledge of the breach" as of the date it is filed).  Welenc's filing of his charge with the NLRB, however, did not toll the statute of limitations with respect to his subsequent federal court suit.  <u>Ode v. Terence Cardinal Cooke (HCC)</u>, 08 Civ. 1528 (SHS), 2008 WL 5262421, at *3 (S.D.N.Y. Dec. 12, 2008); <u>Mazlish v. Branch 36, Nat'l Ass'n of Letter Carriers AFL-CIO</u>, 04 Civ. 3943 (HB), 2005 WL 1244793, at *5 n.4 (S.D.N.Y. May 26, 2005); <u>Lettis v. U.S. Postal Serv.</u>, 39 F. Supp. 2d 181, 194 (E.D.N.Y. 1998); <u>Katsaros v. Transit-Mix Concrete Corp.</u>, 615 F. Supp. 450, 452 (S.D.N.Y. 1985); <u>Boyd v. Teamsters Local Union 553</u>, 589 F. Supp. 794, 796-97 (S.D.N.Y. 1984).  Welenc therefore had to

file his federal court complaint concerning his termination by PAL no later than September 30, 2008, for it to be timely.

Welenc first delivered his complaint in this action to the Pro Se Office on May 5, 2009. (See ECF No. 2 at 1). Since this was more than one year after his termination by PAL, any breach of the duty of fair representation claims against Local 78 or PAL related thereto are barred by the six-month statute of limitations, unless Welenc falls within a recognized exception to the running of the limitations period. For the reasons previously noted with respect to Walenc's Title VII claims, Walenc has not established any basis to overcome the defendants' statute of limitations defenses. His claims against PAL and Local 78 arising out of his termination by PAL consequently are time barred.

In the SAC, Welenc also contends that Local 78 caused him to be fired from a job with ABC in August 2008. (SAC Attach. 142). This, of course, was after his NLRB charge was dismissed. Welenc also notes that he complained about Local 78's misconduct in relation to ABC in a letter to Douglas Gow, Inspector General of LIUNA, dated September 10, 2008. (Id. at 143). That letter, which is attached to the SAC, concerns Local 78's alleged practice of putting no-show workers on the payrolls of various firms, such as ABC. (Id. at 12-13). The letter makes no mention whatsoever of Welenc allegedly having been terminated by ABC at the behest of Local 78 as a consequence of his union activities. However, if Welenc was aware of Local 78's alleged misdeeds with respect to ABC by September 10, 2008, as he asserts, any claims related

thereto had to be incorporated into this suit by no later than March 10, 2009, for them to be timely. Since Welenc did not submit his original complaint to the Pro Se Office until May 5, 2009, any fair representation claims that he might assert in connection with his dismissal by ABC are time barred.[4]

IV. Conclusion

For the reasons set forth above, the Rule 12(b)(6) motions of both PAL and Local 78, (ECF Nos. 10, 19), should be granted and this case dismissed.

V. Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Crotty. The failure to file these timely objections will result in a waiver of those objections for

---

[4] Indeed, Welenc first contended that Local 78 caused him to be terminated by ABC in a "Supplement" annexed to the SAC. (SAC Attach. 141-45). The SAC was filed on February 18, 2010. (ECF No. 7 at 1). Any fair representation claim arising out of Welenc's employment with ABC consequently first was raised in this suit more than two years after Welenc alleges he knew the facts giving rise to his claim.

15

purposes of appeal. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

Dated:        New York, New York
              February 7, 2011

                                                          _____
                                                          FRANK MAAS
                                                          United States Magistrate Judge

Copies to:

Honorable Paul A. Crotty
United States District Judge

Jan Welenc
17 Newel Street, #3
Brooklyn, NY 11222

Aislinn S. McGuire, Esq.
Kauff McGuire & Margolis LLP
950 Third Avenue, 14th Fl.
New York, NY 10022

Haluk Savci, Esq.
Mason Tenders District Council of Greater NY
520 Eighth Avenue Suite 650
New York, NY 10018