UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAN WELENC,                                       :
                                                  :
                Plaintiff,           :
                                                  :  09 Civ. 8523 (PAC) (FM)
    - against-                                  :  <u>ORDER</u>
                                                  :
PAL ENVIRONMENTAL CORP., and                      :
LOCAL 78,                                         :
                                                  :
                Defendants.          :
----------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: March 21, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

      *Pro se* Plaintiff Jan Welenc ("Welenc") sues his former employer, PAL Environmental Corp. ("PAL"), and his union, Asbestos, Lead and Hazardous Waste Laborers' Local 78 ("Local 78") (together, "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"); the National Labor Relations Act ("NLRA"); and the Labor Management Relations Act ("LMRA"). Welenc alleges that PAL and Local 78 conspired to terminate his employment as an asbestos remover because he objected to certain items in the collective bargaining agreement ("CBA") between Local 78 and the Environmental Contractors Association, Inc. ("ECA"). Welenc also alleges that Local 78 harmed his efforts to find subsequent employment following his termination.

      PAL and Local 78 move to dismiss the Second Amended Complaint ("SAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 7, 2011, Magistrate Judge Maas filed a Report and Recommendation ("R&R"), recommending that the Court grant the motions. Welenc timely filed objections on March 11, 2011. Having reviewed Magistrate Judge Maas's R&R and Welenc's objections, the Court adopts Magistrate Judge Maas's Report and Recommendation in its entirety. As a result, Defendants' motions are GRANTED.

# **BACKGROUND**[1]

## I. Facts and Procedural History

In June 2007, Welenc began working for PAL. His specific task involved removing asbestos at 270 Park Avenue in Manhattan. In August 2007, during a monthly meeting, Welenc voiced his disagreement with certain items in a recently-negotiated CBA between Local 78 and the ECA. Specifically, Welenc disagreed with a provision dealing with overtime and a ten-hour working day. Welenc organized a protest and sent the President of the Laborers' International Union of North America ("LIUNA") a petition signed by five hundred members of Local 78 who agreed with his opposition to the CBA. On September 17, 2007, Welenc was informed by his supervisor at 270 Park Avenue that the project would go on a temporary hiatus. Three days later, Welenc began working for PAL on another asbestos removal project in Jamaica, Queens. During another Local 78 monthly meeting on October 19, 2007, Local 78's business manager "furiously condemned" Welenc's opposition to the ten-hour workday provision. Subsequently, PAL's owner, Sal DiLorenzo, terminated Welenc from his job at the Jamaica location.

On October 22, 2007, Welenc returned to work for PAL at 270 Park Avenue. On October 28, 2007, PAL terminated Welenc yet again. According to Welenc, DiLorenzo spoke to four supervisors and ordered each of them to "see to it that [Welenc] no longer work[s] at PAL." Welenc contends that DiLorenzo's decision to fire him was the result of "instigation or pressure by Local 78" arising out of his opposition to the CBA.

On November 16, 2007, Local 78 placed Welenc on its "out of work list" ("OWL"). On February 29, 2008 Welenc learned that his name had been removed from the OWL. Local 78 claimed that, between January 9 and February 15, 2008, it had left four messages for Welenc informing him of

---

[1] Unless otherwise noted, the facts are taken from the R&R.

job opportunities and that it removed his name from the OWL when he failed to respond. Welenc denies receiving the messages, and contends that Local 78 removed his name from the OWL in retaliation for his vocal opposition to the CBA. In April 2008, Local 78's president declined to restore Welenc's name to the OWL because Welenc refused to complete an I-9 form affirming that he was eligible to work in the United States. Local 78's president never asked other union members to complete the form, even though seventy percent are illegal immigrants. Welenc is a United States citizen.

In August 2008, Welenc obtained a job with the "ABC firm" ("ABC") removing asbestos from a school in Astoria, Queens. He was terminated the next day, however, because, according to ABC, there were already sufficient workers assigned to the job. Welenc claims that ABC replaced him with another worker and an ABC supervisor later confirmed that he had received instruction from ABC that Welenc "cannot be employed." As a result, Welenc alleges that Local 78 caused his termination.

Welenc filed a complaint against PAL and Local 78 with the regional office of the National Labor Relations Board ("NLRB"). On March 31, 2008, the NLRB dismissed Welenc's complaint. Welenc then appealed the dismissal in a letter dated April 10, 2008. That appeal was also dismissed by the NLRB.

Welenc subsequently filed a charge against PAL with the Equal Employment Opportunity Commission ("EEOC"). On February 4, 2009, the EEOC dismissed the charge and issued Welenc a "right-to-sue" letter, advising him that he had ninety days to file an action in federal or state court. Welenc commenced this action on May 5, 2009, alleging employment discrimination in violation of Title VII, breach of the duty of fair representation under the NLRA, and a "hybrid" claim under the LMRA against both Local 78 and PAL for breach of the duty of fair representation and breach of the CBA.

On October 7, 2009, Chief Judge Preska issued a *sua sponte* order dismissing Welenc's complaint without prejudice and directing him to fire an amended complaint with sixty days. On December 7, 2009, Welenc filed an amended complaint. The case was referred to Magistrate Judge Maas on December 11, 2009 for general pretrial supervision. Welenc filed a Second Amended Complaint on February 18, 2010. PAL and Local 78 filed their respective Rule 12(b)(6) motions on March 23 and July 22, 2010.

**II. Magistrate Judge Maas' Report and Recommendation**

On February 7, 2011, Magistrate Judge Maas issued his Report and Recommendation. In the Report, Magistrate Judge Maas recommended that the Court grant both motions to dismiss. Specifically, Magistrate Judge Maas found that: (1) Welenc's Title VII claim was time barred because he did not file his EEOC charge within 300 days of the allegedly discriminatory act and he did not fall into one of the four recognized exceptions; (2) Welenc failed to state a claim for relief under Title VII; and (3) his breach of fair representation claims against Local 78 are time barred.

A. Standard of Review

When considering a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), "the court is to accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009). To avoid dismissal, the complaint must contain "enough facts to state a claim to relief that is

4

plausible on its face," i.e. facts that "nudge[] [the plaintiff's] claims across the line from conceivable to plausible…." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

B. Title VII Claim

*1. Welenc's Title VII Claim is Time Barred*

Magistrate Judge Maas found that Welenc's Title VII claim is time barred. Welenc did not file his charge with the EEOC within 300 days of the allegedly discriminatory act. (R&R 8.) Before an aggrieved employee may pursue a Title VII claim in federal court, he must first file a charge with the EEOC. See Pikulin v. City University of New York, 176 F.3d 598, 599 (2d Cir. 1999). The employee's charge ordinarily must be filed with the EEOC within 180 days of the allegedly discriminatory act. See 42 U.S.C. § 2000e-5(e)(1). Due to the provisions of New York's Human Rights Law, however, the deadline is 300 days. Carrasco v. New York City Off-Track Betting Corp., 858 F. Supp 28, 31 (S.D.N.Y. 1994).

Magistrate Judge Maas found that the principal discriminatory act about which Welenc complained (the termination of his employment with PAL) occurred on October 28, 2007. (R&R 9.) Welenc did not file his EEOC charge until January 8, 2009, 440 days later. Welenc's Title VII claim is time-barred unless one of four recognized exceptions to the limitations period exists (the "continuing violation exception," see Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir. 2004); waiver, estoppel, and equitable tolling, see Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998)). Under the "continuing violation exception," "[i]f a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993).

Although Welenc claims that Local 78 continued to retaliate against him as late as August 2008 (within the 300-day limitation period), "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." Lambert, 10 F.3d at 53. Magistrate Judge Maas found that Welenc did not allege that his firing, or any other purportedly wrongful acts of discrimination, were part of a specific discriminatory policy, mechanism, or program, such as the use of discriminatory seniority lists. (R&R 9.) Magistrate Judge Maas also found that the doctrines of waiver, estoppel and equitable tolling were similarly inapplicable because: (1) both PAL and Local 78 raised the statute of limitations as a defense and therefore did not waive it; (2) PAL and Local 78 are not equitably estopped from using the defense because Welenc alleged no facts suggesting that PAL or Local 78 "misrepresented the length of the limitations period or in some way lulled [him] into believing that it was not necessary for him to commence litigation," Cerbone v. Int'l Ladies' Garment Workers' Union, 768 F.2d 45, 50 (2d Cir. 1985), and (3) Welenc did not make any showing that exceptional circumstances prevented him from timely filing his EEOC charge and therefore is not entitled to equitable tolling, see Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24-25 (2d Cir. 1985). (R&R 9-10.)

Accordingly, Magistrate Judge Maas found that Welenc's Title VII claim is time-barred.

*2. Failure to State a Claim under Title VII*

Magistrate Judge Maas also found that Welenc failed to state a claim for relief under Title VII. (R&R 11-12.) Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1). Any claim under Title VII "requires a showing that the employer's allegedly wrongful

conduct derived from a specifically prohibited factor." Clemente v. N.Y. State Div. of Parole, 684 F. Supp. 2d 366, 373 (S.D.N.Y. 2010).

Magistrate Judge Maas found that Welenc has not made the requisite showing because, while he claims that PAL and Local 78 took certain adverse actions against him, these adverse actions were in response to his opposition to the ten-hour workday provision in the CBA, not because he challenged a discriminatory employment practice. Magistrate Judge Maas also noted that the closest Welenc comes to alleging discrimination based on a prohibited factor is his contention that Local 78's president punished him for refusing to fill out an I-9 form that other non-citizen members were not required to complete. (R&R 11-12.) Welenc, however, did not contend that the president's actions had anything to do with his national origin. Rather, Welenc contends that his termination was in response to his strident opposition to the CBA. Thus, Magistrate Judge Maas found that even if the Title VII claim were timely, it failed to state a legally sufficient claim. (Id.)

*C. Breach of Fair Representation Claim*

Magistrate Judge Maas also found that Welenc's claims that that Local 78 breached its duty of fair representation under both the NLRA and LMRA are time barred.

Section 302 of the LMRA authorizes anyone injured by an unfair labor practice to commence a suit for damages against a labor union in federal court. See 29 U.S.C. 187(b). A union member may also bring a "hybrid" claim against his union and his employer under the LMRA when the union has breached its duty of fair representation and the employer has breached its collective bargaining agreement. Del Costello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 164-65 (1983). Both the NLRA and LMRA require that a plaintiff commence a suit within six months from the time he "knew or should have known of the breach of duty of fair representation." White v. White Rose Food, 128 F.3d 110, 114 (2d Cir. 1997).

Magistrate Judge Maas found that Welenc "obviously knew of the alleged breach of the duty of fair representation arising out of his termination by PAL when he filed his NLRB charge — a step that he obviously must have taken before the NLRA dismissed that charge on March 31, 2008." (R&R 13 (citing Kavowras v. New York Times Co., 328 F.3d 50, 55 (2d Cir. 2003) ("[B]ringing of [an] NLRB charge establishes that [a plaintiff] had actual knowledge of the breach" as of the date it is filed).) He also found that Welenc's filing of his charge with the NLRB did not toll the statute of limitations with respect to his subsequent federal court suit. See, e.g., Ode v. Terence Cardinal Cook (HCC), No. 08 Civ. 1528 (SHS), 2008 WL 5262421, at *3 (S.D.N.Y. Dec. 12, 2008); Mazlish v. Branch 36, Nat'l Ass'n of Letter Carriers AFL-CIO, No. 04 Civ. 3943 (HB), 2005 WL 1244793, at *5 n.4 (S.D.N.Y. May 26, 2005). Magistrate Judge Maas found that the latest that the six-month statute of limitations could have run was September 30, 2008. (R&R 13-14.)

Welenc filed his complaint in this action on May 5, 2009, more than a year after his termination by PAL. Accordingly, Magistrate Judge Maas found that any fair representation claims against Local 78 or PAL are barred by the six month statute of limitations, unless Welenc falls into one of the four exceptions described *supra*. (Id. 14.) Magistrate Judge Maas found that Welenc has not established any basis to overcome the defendants' statute of limitations defenses, and so he held that Welenc's claims were time-barred. (Id.)

Magistrate Judge Maas also noted that Welenc contends in his Second Amended Complaint that Local 78 caused him to be fired from a job with ABC in August 2008, and that he complained about that and other misconduct in a September 10, 2008 letter to the Inspector General of LIUNA. (Id.) But Magistrate Judge Maas found that even if Welenc was aware of Local 78's alleged misdeeds by the date of that letter, any claims related to that misconduct would have had to be incorporated into this suit by no later than March 10, 2009 for them to be timely. Welenc did not file his complaint until May 5, 2009

8

and, therefore, Magistrate Judge Maas found that any fair representation claims he might assert in connection with his termination by ABC are also time-barred. (Id.)

## DISCUSSION

### I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues *de novo*. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

### II. Welenc's Objections

Welenc's objections focus on evidence relating to public health and Federal Safety Regulations that he believes Magistrate Judge Maas "did not take into consideration" and facts relating to his protest of the CBA and his termination that he believes Magistrate Judge Maas "ignored." (Obj. 1-2.) Welenc also points to "corruption, discrimination, [and] conspiracy" that he alleges occurred within the union and at PAL. (Obj. 2.)

In the end, however, these objections to not pertain to the relevant issues at hand. All of Welenc's claims are time-barred and therefore must be dismissed. In addition, his termination did not constitute discrimination covered by Title VII and, therefore, he fails to state a Title VII claim. Welenc does not quarrel with these determinations or offer any other information that might explain why the statute of limitations should not be enforced. In sum, none of Welenc's arguments and objections are relevant to the issues raised by the complaint and the motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Maas's Report and Recommendation. As a result, Defendants' motions to dismiss are GRANTED. Pursuant to 28 U.S.C 1915(a), I find that any appeal from this order would not be taken in good faith. The Clerk of Court is directed to enter judgment and close this case.

Dated:  New York, New York
        March 21, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Jan Welenc
17 Newel Street, #3
Brooklyn, NY 11222

Aislinn S. McGuire, Esq.
Kauff McGuire & Margolis LLP
950 Third Avenue, 14th Fl.
New York, NY 10022

Haluk Savei, Esq.
Mason Tenders District Counsel of Greater NY
520 Eighth Avenue, Suite 650
New York, NY 10018